ORIGINAL

FILED
SEP 16 2010
U.S. COURT OF FEDERAL CLAIMS

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**ANTONINO EUGENE LYONS**

**Case Number:**______________

**Plaintiff**

**v.**

10-627 C

**UNITED STATES OF AMERICA**

**Defendant.**

_____________________________/

**CLAIM FOR COMPENSATION FOR UNJUST CONVICTION AND IMPRISONMENT PURSUANT TO 28 U.S.C. 2513 AND 28 U.S.C. 1495**

**COMES NOW,** the Plaintiff, **ANTONINO EUGENE LYONS,** by and through his undersigned counsel, and sues the United States of America and alleges as follows:

1. This is an action for damages for unjust conviction and imprisonment pursuant to 28 U.S.C. 1495 and 28 U.S.C. 2513.

2. This Court has jurisdiction based on 28 U.S.C. 1495, which states "[t]he United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim for damages by any person unjustly convicted of an offense against the United States and imprisoned."

3. The Plaintiff, ANTONINO EUGENE LYONS, was prosecuted in the by the Defendant in the District Court for the Middle District of Florida

in 2001 and was convicted of several offenses in case number 6:01-cr-000134-GAP-DAB.

4. The Plaintiff, ANTONINO EUGENE LYONS, was imprisoned from August 23, 2001 to May 24, 2004. In all, Mr. Lyons spent 1003 days in jail.

5. Mr. Lyons was ultimately cleared of all charges, with the last of those charges being dismissed by District Court Judge Gregory Presnell on September 30, 2004. A copy of that order is attached to this complaint and is incorporated by reference as Exhibit A.

6. LYONS' conviction has been reversed or set aside on the ground that he is not guilty of the offense of which he was convicted, or on new trial or rehearing he was found not guilty of such offense, as appears from the record or certificate of the court setting aside or reversing such conviction, or that he has been pardoned upon the stated ground of innocence and unjust conviction and he did not commit any of the acts charged or his acts, deeds, or omissions in connection with such charge constituted no offense against the United States, or any State, Territory or the District of Columbia, and he did not by misconduct or neglect cause or bring about his own prosecution.

7. On July 20, 2010, Judge Presnell issued a certification of actual innocence pursuant to 28 U.S.C. 1495 and 28 U.S.C. 2513. A copy of that

certification is attached to this complaint and is incorporated by reference as Exhibit B.

8. The Plaintiff, ANTONINO EUGENE LYONS, is entitled to compensation under 28 U.S.C. 1495 and 28 U.S.C. 2513 as he was convicted and imprisoned for crimes he did not commit. This is particularly true given the misconduct engaged in by the Government in first obtaining those convictions and in obstructing attempts to uncover the full extent of that misconduct. The entire sorry history of Mr. Lyons' prosecution is more than adequately outlined in the attached order (Exhibit A) and the certification (Exhibit B) and will not be expanded upon here.

9. Mr. Lyons has suffered economic damages as a result of, and in addition to, his 1003 days of incarceration and is entitled to compensation under the above statutes.

10. 28 U.S.C. 1495 and 28 U.S.C. 2513 are remedial in nature.

11. Judge Presnell's certification of actual innocence (Exhibit B) entitles the Plaintiff to up to $50,000 for every year he spent in custody.

WHEREFORE, the Plaintiff prays this Honorable Court award judgment against the United States and order payment of damages to the Plaintiff in the amount of $137,397.26 based on his 1003 days of incarceration for crimes he did not commit.

DATED this 15 day of September, 2010.

ROBERT R. BERRY
FLA. BAR NUMBER 714216
5450 VILLAGE DRIVE
VIERA, FLORIDA 32955
(321)504-0321 (OFFICE)
(321)504-0320 (FAX)
LITIGATORS@BELLSOUTH.NET
ATTORNEY FOR PLAINTIFF