**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| ANTONINO EUGENE LYONS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 10-627C |
| | ) | (Judge George Miller) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Pursuant to Rule 56 of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully requests that this Court enter summary judgment in favor of the United States providing that damages in this dispute are limited to $5,000.

In support of this motion, we rely upon the complaint, the following brief, the proposed findings of uncontroverted fact, and the appendices included with our motion.

**STATEMENT OF THE ISSUE**

Whether Congress intended for the 2004 amendments to the Unjust Conviction Act to be applied retroactively to wrongful conduct that predates the change in the law.

**STATEMENT OF FACTS**

In 2001, Mr. Lyons was indicted on several criminal Counts including: (1) conspiracy to possess cocaine with intent to distribute; (2) possession of a firearm during the conspiracy alleged in Count 1; (3) attempted possession of cocaine with intent to distribute; (4) possession of a firearm during the crime alleged in Count 3; (5) attempted car-jacking; (6) car-jacking; (7)-(17) trafficking in counterfeit goods; and (18) possession of counterfeit currency with intent

to defraud. Def. App. 1-13, 50.[1] Pursuant to these charges, Mr. Lyons was arrested and imprisoned beginning on August 23, 2001. See Compl. ¶ 4.

On November 26, 2001, Mr. Lyons was convicted of Count 1 (conspiracy to possess cocaine with intent to distribute); Count 6 (car-jacking); and Counts 7 through 16 (trafficking in counterfeit goods). See Def. App. 51. The district court dismissed Count 18 (counterfeit currency) upon the Government's motion, and granted a judgment of acquittal on Count 2 (conspiracy related weapons charge), Count 5 (attempted car-jacking), and count 17 (trafficking in counterfeit goods). Id. at n.3.

Mr. Lyons, however, was subsequently found to be innocent of all of these charges. Def. App. 18-48, 49-66; see also Compl. ¶ 5. On May 14, 2004, the Government moved to vacate the jury verdict as to Count 1 (conspiracy to possess cocaine with intent to distribute) and to dismiss the charge. Def. App. 14-15. The district court granted this motion on May 21, 2004, and Mr. Lyons was released from prison on May 24, 2004. See Def. App. 16-17, 45.

Mr. Lyons then sought a dismissal of the remaining charges. See Def. App. 18. The Government opposed dismissal, but conceded that a time-served sentence would be appropriate. See Def. App. 18, 45. On September 30, 2004, the district court granted Mr. Lyons' request. Def. App. 18-48; see also Compl. ¶ 5. More specifically, the district court held that "the Government committed Brady and Giglio violations material to all remaining counts in this case,

[1] "Def. App. ___" refers to a page in the appendix attached to this motion.

and the Government's unwarranted denials and delay prejudiced Lyons and the judicial process to such a degree that dismissal of the remaining counts is appropriate."[2]

On December 29, 2009, Mr. Lyons moved the district court for a certificate of innocence. See Def. App. 57. On July 20, 2010, the district court granted Mr. Lyons' motion, establishing that Mr. Lyons is entitled to damages for unjust conviction and imprisonment. Def. App. 50-66; see also Compl. ¶ 7.

## ARGUMENT

### I. Mr. Lyons Received A Certificate Of Innocence For His Unjust Conviction And Imprisonment, And This Court Possesses Jurisdiction To Enter Judgment Upon Damages, As Set Forth By Statute

This Court possesses jurisdiction "to render judgment upon any claim for damages by any person unjustly convicted of an offense against the United States and imprisoned." 28 U.S.C. § 1495. This jurisdictional provision, however, must be read in conjunction with 28 U.S.C. § 2513. Grayson v. United States, 141 Ct. Cl. 866 (1958) (per curiam). Title 28 of the United States Code, section 2513, provides in pertinent part:

> (a) Any person suing under Section 1495 of this title must allege and prove that:
>
> > (1) His conviction has been reversed or set aside on the ground that he is not guilty of the offense of which he was convicted, or on new trial or rehearing he was found not guilty of such offense, as appears from the record or certificate of the court setting aside or reversing such conviction . . . . ; and

---

[2] Brady v. Maryland, 373 U.S. 83 (1963) requires the prosecution to turn over exculpatory evidence in its possession or control to the defendant. Giglio v. United States, 405 U.S. 150 (1972) requires the prosecution to turn over potential impeachment evidence of important prosecution witnesses in its possession or control to the defense.

> (2) He did not commit any of the acts charged or his acts, deeds, or omissions in connection with such charge constituted no offense against the United States, or any State, Territory or the District of Columbia, and he did not by misconduct or neglect cause or bring about his own prosecution.
>
> (b) Proof of the requisite facts shall be by a certificate of the court or pardon wherein such facts are alleged to appear, and other evidence thereof shall not be received.

28 U.S.C. § 2513.

Generally, "[t]o recover damages for wrongful imprisonment under 28 U.S.C. § 1495, [a plaintiff] must obtain a certificate of innocence from the district court in which [he] was convicted." United States v. Racing Services, Inc., 580 F.3d 710 (8th Cir. 2009). A certificate of innocence is the means of proving the underlying facts of a 28 U.S.C. § 2513 claim. See Bolduc v. United States, 248 Fed. Appx. 162 (Fed. Cir. 2007). As the statute expressly states "[p]roof of the requisite facts shall be by a certificate of the court or pardon wherein such facts are alleged to appear," and "other evidence thereof shall not be received." 28 U.S.C. § 2513(b) (emphasis added). The decision to grant or deny such a certificate rests within the sound discretion of the district court in which the plaintiff was acquitted. Betts v. United States, 10 F.3d 1278, 1283 (7th Cir. 1993); Rigsbee v. United States, 204 F.2d 70, 72 (D.C. Cir. 1953); Burgess v. United States, 20 Cl. Ct. 701, 704 (1990). "This Court has no authority to re-examine in detail the facts surrounding a conviction or imprisonment; such matters are within the sole discretion of the appropriate (usually district) court or executive officer with the authority to reverse, set aside, or pardon a claimant's original conviction." Humphrey v. United States, 52 Fed. Cl. 593, 596 (2002). See also Lott v. United States, 11 Cl. Ct. 852, 853 (1987).

Mr. Lyons received a certificate of innocence from the district court. Accordingly, liability has been established. Thus, the sole issue before this Court is damages.

## II. Pursuant To The Law In Effect At The Time Of The Wrongful Conduct At Issue Mr. Lyons' Damages May Not Exceed $5,000

"[G]reat care must be taken not to expand liability [of the United States] beyond that which was explicitly consented to by Congress." Fidelity Constr. Co. v. United States, 700 F.2d 1379, 1387 (Fed. Cir.), cert. denied, 464 U.S. 826 (1983). In the absence of a "clear indication that the [G]overnment intended to assume responsibility for" damages or "an express assumption of such a duty, no further liability" of the United States can be assumed, because "to extend the liability by inference or analogy would do violence to the doctrine of strict construction of the consent to be sued." Leesona Corp. v. United States, 599 F.2d 958, 968 (Ct. Cl. 1979) (citations omitted), cert. denied, 444 U.S. 991 (1979).

Prior to October 2004, the United States' liability for the wrongful conviction and imprisonment of an individual was limited to $5,000. See Ch. 266, 52 Stat. 438, § 2 (May 24, 1938) (codified at 18 U.S.C. § 730 (1940)); Ch. 646, 62 Stat. 978 (June 25, 1948) (codified as amended at 28 U.S.C. § 2513(e) (2004)) ("The amount of damages awarded shall not exceed the sum of $5,000.").

Mr. Lyons was convicted on November 26, 2001, and was imprisoned from August 23, 2001 through May 24, 2004. A long-standing principle of the law is that "'the legal effect of conduct should ordinarily be assessed under the law that existed when the conduct took place . . .'" See Landgraf v. USI Film Products, 511 U.S. 244, 264 (1994) (quoting Kaiser Aluminum & Chemical Corp. v. Bonjorno, 494 U.S. 827, 855 (1990) (Scalia, J., concurring)).

Accordingly, pursuant to the law in effect at the time of Mr. Lyons' conviction and imprisonment, damages in this case may not exceed $5,000.

## III. The Rule Against Retroactivity Mandates That Mr. Lyons Cannot Apply The Changes In The Law To The Past Conduct At Issue Here

In his complaint, however, Mr. Lyons requests damages that exceed $5,000. In support of his claim for damages in excess of $5,000, Mr. Lyons cites to a statutory scheme that was not in existence at the time of his conviction and imprisonment. Compl. ¶¶ 8, 11. This argument ignores the rule that "retroactivity is not favored in the law," and that "congressional enactments and administrative rules will not be construed to have retroactive effect unless their language requires this result." Bowen v. Georgetown Univ. Hospital, 488 U.S. 204, 208 (1988) (quoted in Landgraf, 511 U.S. at 264).

As noted above, the law in effect at the time of Mr. Lyons' conviction and imprisonment limited damages to $5,000. See 52 Stat. 438 (May 24, 1938). After Mr. Lyons was released from prison and all charges against him had been dismissed, Congress amended the Unjust Conviction Act to increase the Government's potential monetary liability for unjust conviction and imprisonment from $5,000 to a maximum of $50,000 for each 12-month period of imprisonment in non-capital cases.[3] Justice for All Act of 2004, Pub. L. No. 108-405, § 431, 118 Stat. 2260, 2293 (Oct. 30, 2004). This change in the law, however, was not made applicable to conduct that pre-dates its enactment, such is at issue here.

[3] The October 2004 amendment also increased the Government's potential monetary liability for unjust conviction and imprisonment to $100,000 for each 12-month period of incarceration for any plaintiff who was unjustly sentenced to death. 28 U.S.C. § 2513(e). Mr. Lyons was not sentenced to death, and he does not appear to seek damages pursuant to the capital crimes provision.

In Landgraf v. USI Film Products, 511 U.S. 244, 280 (1994), the Supreme Court set forth the procedure for determining whether a changes to a civil statue will be applied retroactively to conduct that pre-dates the change in the law. Pursuant to this analysis, the first question to consider is whether Congress expressly directed that the provision at issue be retroactive. Id. at 280. If Congress has done so, the Court's inquiry ends and the provision is applied retroactively. Id. If, however, the statute contains no express command, the Court must determine whether the new statute would have an impermissible "retroactive effect." Id. The Supreme Court described an impermissible retroactive effect as one that "would impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed." Id. (emphasis added). If the statute would operate in produce a retroactive effect, there is a "strong presumption" against applying the statute retroactively. Id.

It is clear from a review of the statutory language that Congress did not expressly direct that the increased liability provision of the Justice for All Act of 2004 (amending the Unjust Conviction Act) was to be applied retroactively. The relevant amendment does not provide that liability for increased damages is applicable to wrongful conduct that pre-dates the change in the law. See 118 Stat. at 2293 (codified at 28 U.S.C. § 2513(e) (2005)). And while the Supreme Court suggested in Landgraf that language which provides that a new provision "shall apply to all proceedings pending on or commenced after the date of enactment" could be used provide a clear statement that a change is to be applied retroactively, Landgraf, 511 U.S. at 260, this or substantially similar language does not appear in connection with 2004 change. See 118 Stat. at 2293 (codified at 28 U.S.C. § 2513(e) (2005)).

In contrast, Congress made other sections of the Justice for All Act of 2004 retroactive through the use of express language that is substantially similar to that suggested by the Supreme Court in Landgraf. This demonstrates that Congress was aware of how to make a particular statutory provision retroactive and did not intend to make the increased damages provision of the Act retroactive. Specifically, Congress expressly provided that the statute of limitations tolling provision for persons identified in the commission of a felony through DNA testing "shall apply to the prosecution of any offense committed before, on, or after the date of enactment of this section if the applicable limitations period has not yet expired." Tit. II, § 204, 118 Stat at 2271 (codified at 18 U.S.C. § 3297(c)). Congress also provided that the DNA testing section of the Justice for All Act of 2004 was retroactive by stating that it applied to "any offense committed, and to any judgment of conviction entered, before, on, or after [the] date of enactment." Tit. IV, § 411, 118 Stat at 2284 (codified at 18 U.S.C. § 3600 note). The DNA testing provision is located in the same title of the Justice for All Act of 2004 as the provision that increased the United States' monetary liability for unjust conviction and imprisonment, yet Congress attached no similar retroactivity language to the increased damages provision. See Tit. IV, § 431, 118 Stat. at 2293 (codified at 28 U.S.C. § 2513(e)). Providing that the DNA testing section was to be applied retroactively, but not using similar language in connection with the section increasing the United States' monetary liability implies that the damages provision is not intended to be applied retroactively. Immigration & Naturalization Serv. v. St. Cyr, 533 U.S. 289, 318-19 (2001) (where Congress indicates "unambiguously its intention to apply specific provisions [of a law] retroactively," the court will not construe other provisions of the same law without such language to be retroactive).

Further, a change that "increase[s] a party's liability for past conduct," such as here, is generally considered to have an impermissible retroactive effect. Landgraf, 511 U.S. 244. For example, in Landgraf, the defendants were already subject to monetary liability in the form of back pay for certain actions, when a statutory change made them liable for new compensatory damages for these same actions. The Supreme Court held that this change was "the kind of provision that does not apply to events antedating its enactment in the absence of clear congressional intent." Id. at 282-83. See also Rivers v. Roadway Express, Inc., 511 U.S. 298, 303 (1994) (an increase in monetary liability is not retroactive even though it did not alter the "normative scope" of the statute's prohibitions). Here, Congress amended the Unjust Conviction Act through the Justice for All Act of 2004 to increase the United States' monetary liability for unjust conviction and imprisonment. To apply this change retroactively would increase the United States' " liability for past conduct" that predates the change to the Act.

Finally, there is no clear congressional intent to apply the 2004 increased monetary liability provision retroactively. The language of the Act provides no indication that this change in the law is to be retroactive, and the legislative history contains no specific references the how the increase in monetary liability is to be applied to conduct that pre-dates the change in the law. See H.R. REP. 108-711, 108th Cong., 2nd Sess., 2005 U.S.C.C.A.N. 2247 (Sept. 30, 2004).

Accordingly, the October 30, 2004 increased damages provision of the Unjust Conviction Act is not applicable to Mr. Lyons' November 26, 2001 conviction and his August 23, 2001 through May 24, 2004 imprisonment. Mr. Lyons' damages are limited to $5,000.

**CONCLUSION**

Accordingly, we respectfully request that the Court enter summary judgment in favor of the United States providing that damages in this dispute are limited to $5,000.

Respectfully submitted,

TONY WEST
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Steven J. Gillingham
STEVEN J. GILLINGHAM
Assistant Director

s/ Steven M. Mager
STEVEN M. MAGER
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Classification Unit, 8th Floor
Washington, D.C. 20530
Tel: (202) 616-2377
Fax: (202) 305-7643
Steven.Mager@usdoj.gov

November 9, 2010

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on November 17, 2010 a copy of foregoing "MOTION FOR SUMMARY JUDGMENT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Steven M. Mager