No. 10-627C
(Judge George Miller)

---

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

---

ANTONINO EUGENE LYONS,
Plaintiff,

v.

THE UNITED STATES OF AMERICA,
Defendant,

---

DEFENDANT'S REPLY TO
PLAINTIFF'S RESPONSE TO MOTION FOR SUMMARY JUDGMENT

---

TONY WEST
Assistant Attorney General

JEANNE E. DAVIDSON
Director

STEVEN J. GILLINGHAM
Assistant Director

STEVEN M. MAGER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 616-2377
Steven.Mager@usdoj.gov

January 6, 2011

Attorneys for Defendant

# TABLE OF CONTENTS


**PAGE(S)**

I. Mr. Lyons Misreads Our Motion And The Damages Provision Of The Unjust Conviction Act . . . . . 1

II. Mr. Lyons Fails To Demonstrate That Congress Clearly Intended To Apply To The New Damages Formulation Retroactively To Convictions And Imprisonments That Pre-Date The Changes To The Unjust Conviction Act . . . . . 3

A. Mr. Lyons Ignores The Plain Language Of The Statute. . . . . . 4

B. The Legislative History Does Not Provide A Clear Indication Of Retroactivity .. . . . . . 5

III. Mr. Lyons Misinterprets *Landgraf* And It Progeny. . . . . . 8

A. The General Remedial Purpose Of A Statute Cannot Overcome The Rule Against Retroactivity . . . . . 8

B. The Rule Against Retroactivity Applies To The United States, Not Just Private Parties . . . . . 10

C. Mr. Lyons' "Public Expectations" Argument Is Without Merit. . . . . . 11

CONCLUSION. . . . . . 13

# TABLE OF AUTHORITIES

## CASES

**PAGE(S)**

*AINS, Inc. v. United States*,
365 F.3d 1333 (Fed. Cir. 2004). . . . . . . . . . 9

*Avila v. Office of Personnel Mgmt*,
79 F.3d 128 (Fed. Cir. 1996). . . . . . . . . . 11

*Blanchard v. Bergeron*,
489 U.S. 87 (1989).. . . . . . . . . . 6

*Bowen v. Georgetown Univ. Hospital,*
488 U.S. 204 (1988).. . . . . . . . . . 8

*Brotherhood of R.R. Trainmen v. Baltimore and O.R. Co.*,
331 U.S. 519 (1947).. . . . . . . . . . 5

*Davis v. Secretary of Dept. of Health & Human Serv.*,
19 Cl. Ct. 395 (1990). . . . . . . . . . 6

*Immigration & Naturalization Serv. v. St. Cyr,*
533 U.S. 289 (2001).. . . . . . . . . . 4

*Landgraf v. USI Film Products*,
511 U.S. 244 (1994).. . . . . . . . . . 6, 8, 9, 10, 11, 12

*Levernier Constr. Inc. v. United States*,
947 F.2d 497 (Fed. Cir. 1991). . . . . . . . . . 12

*McLean v. United States*,
73 F. Supp. 775 (W.D.S.C. 1947). . . . . . . . . . 9

*Plaut v. Spendthrift Farm, Inc.*,
514 U.S. 211 (1995) . . . . . . . . . . 9

*Rivers v. Roadway Express*,
511 U.S. 298 (1994).. . . . . . . . . . 9

*Russello v. United States,*
464 U.S. 16 (1983).. . . . . . . . . . 4

**PAGE(S)**

*Sharp v. United States*,
80 Fed. Cl. 422 (2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

*Summers v. Department of Justice*,
569 F.3d 500 (D.C. Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*United States v. Jac Natori Co., Ltd.*,
108 F.3d 295 (Fed. Cir. 1997). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*United States v. Kay*,
359 F.3d 738 (5th Cir. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*United States v. Magnolia Petroleum Co.*,
276 U.S. 160 (1928).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*United States v. Reynard,*
473 F.3d 1008 (9th Cir. 2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*United States v. Sherwood*,
312 U.S. 584 (1941).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*United States v. Testan*,
424 U.S. 392 (1976).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*White v. United States*,
191 U.S. 545 (1903).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Yale-New Haven Hosp. v. Leavitt*,
470 F.3d 71 (2d Cir. 2006).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

## STATUTES AND REGULATIONS

Ch. 266, 52 Stat. 438, § 2 (May 24, 1938)
(codified at 18 U.S.C. § 730 (1940)). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Ch. 646, 62 Stat. 978 (June 25, 1948)
(codified as amended at 28 U.S.C. § 2513(e)). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Pub. L. No. 106-546, 114 Stat. 2726 (2000)
(codified at 42 U.S.C. § 14135a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

**PAGE(S)**

Pub. L. No. 108-405, § 431, 118 Stat. 2260 (Oct. 30, 2004). . . . . . . . . . . . . . . . . . . . . . . . . 2, 3, 4, 7

28 U.S.C. § 2513(e) (2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

18 U.S.C. § 3297(c). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

18 U.S.C. § 3600 note).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

28 U.S.C. § 2513(e). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3

31 U.S.C. § 1102. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

**OTHER**

H.R. 4167, Tit. III, § 301 (2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

H.R. REP. 108-711, 108th Cong., 2nd Sess.,
2005 U.S.C.C.A.N. 2247 (Sept. 30, 2004).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6, 7

RCFC 52.1(c).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

N. SINGER, SUTHERLAND ON STATUTORY CONSTRUCTION (5th rev. ed. 1993).. . . . . . . . . . . . . . . 10

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| ANTONINO EUGENE LYONS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 10-627C |
| | ) | (Judge George Miller) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY TO**
**PLAINTIFF'S RESPONSE TO MOTION FOR SUMMARY JUDGMENT**

Pursuant to Rule 52.1(c) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully submits this reply to plaintiff's response to our motion for summary judgment.

In our motion to dismiss, we demonstrated that damages in this dispute are limited to $5,000, pursuant to the law in effect at the time of Mr. Lyons' imprisonment and conviction. We further demonstrated that there is no evidence that Congress intended for the subsequent 2004 amendments to the Unjust Conviction Act to be applied retroactively to wrongful conduct that predated this change in the law. In his response, Mr. Lyons fails to rebut these demonstrations. Accordingly, we respectfully request that the Court enter summary judgment in favor of the United States providing that damages in this dispute are limited to $5,000.

## I. Mr. Lyons Misreads Our Motion And The Damages Provision Of The Unjust Conviction Act

As an initial matter, Mr. Lyons alleges that the "[b]ased upon the Government's concession of liability, the only question for this Court to decide is what level of compensation

the Plaintiff is entitled to." Pl. Resp. 3.[1] Mr. Lyons also asserts that our motion for summary judgment stated that Mr. Lyons "is entitled to only $5,000 per year." This is incorrect, and is unsupported by our motion or the statute.

As noted in our initial motion, prior to October 2004, the Unjust Conviction provided that "[t]he amount of damages awarded shall not exceed the sum of $5,000." Ch. 266, 52 Stat. 438, § 2 (May 24, 1938) (codified at 18 U.S.C. § 730 (1940)); Ch. 646, 62 Stat. 978 (June 25, 1948) (codified as amended at 28 U.S.C. § 2513(e) (2004)). The Act did not provide that a successful plaintiff was entitled to $5,000 "per year." Monetary liability was capped at $5,000, without any reference to the period of imprisonment.

In October 2004, the Unjust Conviction Act was amended, increasing the Government's monetary liability for unjust conviction and imprisonment and introducing a new formulation for determining damages. Pub. L. No. 108-405, § 431, 118 Stat. 2260, 2293 (Oct. 30, 2004). Pursuant to these amendments, the Government's potential monetary liability for unjust conviction and imprisonment was increased from $5,000 (total) to a maximum of $50,000 for each 12-month period of imprisonment in non-capital cases. 28 U.S.C. § 2513(e) (2005). Contrary to Mr. Lyons' argument, neither the amendments nor the prior law provided that the Government was liable for "$5,000 per year."

Mr. Lyons is also incorrect that the "level of compensation" is the only issue for this Court to decide. Pl. Resp. 3. Neither the law in effect at the time of Mr. Lyons' conviction and imprisonment, nor the law in effect today provide that a plaintiff is entitled to a specific amount

---

[1] "Pl. Resp. __" refers to a page in plaintiff's response to our motion for summary judgment.

of damages. Instead, both iterations provide a cap upon damages. Prior to October 2004, the Unjust Conviction Act provided that "[t]he amount of damages awarded shall not exceed the sum of $5,000." 28 U.S.C. § 2513(e) (2004). As amended, the Act now provides that "[t]he amount of damages awarded shall not exceed $100,000 for each 12-month period of incarceration for any plaintiff who was unjustly sentenced to death and $50,000 for each 12-month period of incarceration for any other plaintiff." 28 U.S.C. § 2513(e) (2005). Thus, both the question of level of compensation (an issue of law) and damages (an issue of fact) remain before the Court.[2]

## II. Mr. Lyons Fails To Demonstrate That Congress Clearly Intended To Apply To The New Damages Formulation Retroactively To Convictions And Imprisonments That Pre-Date The Changes To The Unjust Conviction Act

In his response, Mr. Lyons argues that Congress intended for its new damages formulation to be applied retroactively to increase the Government's monetary liability for cases in which an individual was convicted, imprisoned, and released from prison prior to the change in the law. As set forth in our initial motion, Mr. Lyons' argument is unsupported by the language and legislative history of the Justice For All Act.

[2] In amending the Unjust Conviction Act, Congress did not provide a specific formula for assessing damages. *Compare* H.R. 4167, Tit. III, § 301 (2000) ("In assessing damages . . . the court shall consider – (A) the circumstances surrounding the unjust conviction of the plaintiff, including any misconduct by officers or employees of the Federal Government; (B) the length of the unjust incarceration of the plaintiff; and (C) the family circumstances, loss of wages, and pain and suffering of the plaintiff.") (prior proposed amendment to the Unjust Conviction Act that did not pass Congress) *with* Pub. L. No. 108-405, § 431, 118 Stat. 2260, 2293 (Oct. 30, 2004). Instead, the new damages provision only references the length of a plaintiff's imprisonment. Accordingly, the parties should be able to reach an agreement or stipulate to damages after a ruling upon the central disputed legal issue of retroactivity.

**A. Mr. Lyons Ignores The Plain Language Of The Statute**

While Mr. Lyons attempts to demonstrate that the revised damages formulation of the Act applies retroactively to increase damages for convictions and imprisonments that pre-date the amendment, Mr. Lyons admits that the statute itself is silent as to the retroactivity of the provisions at issue here. Pl. Resp. 4.

As set forth in our initial motion, Congress made several provisions of the Justice For All Act retroactive. *Justice for All Act of 2004*, Pub. L. No. 108-405, Tit. II, § 204, 118 Stat at 2271 (codified at 18 U.S.C. § 3297(c)); Tit. IV, § 411, 118 Stat at 2284 (codified at 18 U.S.C. § 3600 note). Congress, however, attached no similar retroactivity language to the increased damages provision. *See* Tit. IV, § 431, 118 Stat. at 2293 (codified at 28 U.S.C. § 2513(e)). Where "Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." *Russello v. United States*, 464 U.S. 16, 23 (1983). Indeed, in *Immigration & Naturalization Serv. v. St. Cyr*, 533 U.S. 289, 318-19 (2001), the United States Supreme Court specifically held that where Congress indicates "unambiguously its intention to apply specific provisions [of a law] retroactively," the court will not construe other provisions of the same law without such language to be retroactive. Mr. Lyons does not address this authority or the plain language of the statute.

In fact, the only statutory language that Mr. Lyons references in support of his argument that the revised damages formulation applies retroactively is the title of the "Justice For All Act." Pl. Resp. 5-6. However, this title does not compel the conclusion that Congress intended to make the new damages formulation retroactive. The title of a statute "is but a short-hand

reference to the general subject matter involved. . . . Factors of this type have led to the wise rule that the title of a statute and the heading of a section cannot limit the plain meaning of the text." *Brotherhood of R.R. Trainmen v. Baltimore and O.R. Co.*, 331 U.S. 519, 528-29 (1947); *see also United States v. Jac Natori Co., Ltd.*, 108 F.3d 295, 299 (Fed. Cir. 1997) ("The titles of statutes are simply reference guides and cannot limit or contravene the statutory text.") (citation omitted). A short, generic title, such as the one at issue here, provides little assistance in interpreting the temporal scope of a specific provision of the Act. *See United States v. Kay*, 359 F.3d 738, 745 (5th Cir. 2004) ("By itself, such a generic title fails to make one interpretation of the statutory language more persuasive than another, much less establish one as the only reasonable construction of the statute.").

In summary, nothing in the text of the legislation directs that the provision at issue be applied retroactively.

### B. The Legislative History Does Not Provide A Clear Indication Of Retroactivity

The silence of the plain language of the statute with regard to retroactivity is mirrored in the legislative history of the Act. The legislative history of the Act does not provide that the increase in monetary liability and new damages formulation are to be applied retroactively to conduct that pre-dates the change in the law. See H.R. REP. 108-711, 108th Cong., 2nd Sess., 2005 U.S.C.C.A.N. 2247 (Sept. 30, 2004).

Despite this silence, Mr. Lyons argues that the Congressional Budget Office's ("CBO") report provides a "clue" that Congress viewed "the increase in compensation" pursuant to the new damages methodology to be "immediate and inherently retroactive since the Budgetary consequences would be immediate and steady, as opposed to incrementally larger each year

between 2004 and 2009 as would be the case if retroactivity were not intended." Pl. Resp. 4-5. The language of the CBO report, however, does not support Mr. Lyons' conclusions, nor does it demonstrate a clear congressional intent to apply the increased damages provision retroactively.

Courts have been reluctant to treat CBO reports as conclusive evidence of congressional intent without express support in the text of a statute. For example, in *United States v. Reynard*, the United States Court of Appeals for the Ninth Circuit examined whether Congress unambiguously intended for the DNA Analysis Backlog Act of 2000, Pub. L. No. 106-546, 114 Stat. 2726 (2000) (codified at 42 U.S.C. § 14135a (2000)), to apply retroactively to offenders who committed qualifying offenses prior to the Act's passage. 473 F.3d 1008 (9th Cir. 2007). The Government had argued that because the CBO estimate included current inmates in its calculation, as well as persons to be incarcerated in the future, that Congress intended for the Act to be applied retroactively. *Id*. at 1015. Applying the test articulated by the Supreme Court in *Landgraf v. USI Film Products*, 511 U.S. 244, 264 (1994), however, the Ninth Circuit held that "although the CBO report certainly provides support for construing the DNA Act to be retroactive, it can hardly be deemed conclusive evidence of Congress's intent – particularly, in light of the absence of clear corroborating evidence in the legislative history." *Id.*; *see also Sharp v. United States*, 80 Fed. Cl. 422, 437 (2008); *Davis v. Secretary of Dept. of Health & Human Serv.*, 19 Cl. Ct. 395, 406-07 (1990) (quoting *Blanchard v. Bergeron*, 489 U.S. 87, 98 (1989) (Scalia, J., concurring)).

As an initial matter, the CBO report does not support the conclusion that the disputed provisions of the Justice for All Act are retroactive. The CBO report only opines that CBO did "not expect any increase in payments for this purpose to be significant." H.R. REP. 108-711,

2005 U.S.C.C.A.N. at 2280 (emphasis added). The CBO report does not describe the direct cost of the unjust conviction damages provision to be "immediate and inherently retroactive" or "immediate and steady." Nor does the report reject the possibility that cost might be "incrementally larger each year." The CBO report does not chart the direct costs of the new damages formulation on an annualized basis, although the CBO report charts other appropriations that CBO treated as "immediate and steady." *See* 2005 U.S.C.C.A.N. at 2279 (FBI and National Forensic Science Commission, Authorization Level).[3] In sum, the CBO report does not specify whether the direct costs of the increased damages provision would be immediate, steady, retroactive, or incrementally larger. The CBO report is silent to these matters.

Moreover, even if the CBO report did provide that the direct costs of the new damages formulation were "immediate and steady," this would not necessarily support Mr. Lyons argument that the new damages formulation was to be applied retroactively. Other provisions of the "Justice For All Act" were designed to improve access to post-conviction DNA testing and competent defense counsel. Pub. L. No. 108-405, §§ 411, 412, 118 Stat. 2260, 2293 (Oct. 30, 2004). Presumably, these provisions would result in fewer wrongful convictions, as well as less time in prison for those who have been wrongfully convicted. Accordingly, even if the CBO report provided that the direct costs of the new damages formulation were "immediate and steady," it would not follow that such steady direct costs resulted from the retroactive application of the new provisions. *See Sharp v. United States*, 80 Fed. Cl. 422, 437 (2008) (when two plausible interpretations of a CBO report exist, the report did not reflect "a clearly expressed

---

[3] Although this chart does not contain an entry for Fiscal Year 2004, the Government's Fiscal Year 2004 began on October 1, 2003, and ended on September 30, 2004, prior to the passage of the Innocence Protection Act. *See* 31 U.S.C. § 1102.

congressional intent to enact something different from what Congress set forth in the plain language"). Indeed, Mr. Lyons' treatment of the CBO report's presumed analysis is fundamentally flawed, as he presumes a fixed number of prisoners with fixed sentences, whereas a proper analysis would need to consider a variable number of prisoners with variable sentences. Because the report fails to contain any analysis other than a conclusion with regard to the significance of the direct costs, it is unclear how CBO analyzed this question.

In summary, neither the plain language of the Act nor the legislative history support Mr. Lyons' conclusion that the revised damages formulation of the Act applies retroactively to increase damages for convictions and imprisonments that pre-date the amendment.

## III. Mr. Lyons Misinterprets *Landgraf* And It Progeny

Mr. Lyons attempts to argue that *Landgraf* does not require the application of the rule against retroactivity in this case. However, it is well settled that "retroactivity is not favored in the law," and "congressional enactments and administrative rules will not be construed to have retroactive effect unless their language requires this result." *Bowen v. Georgetown Univ. Hospital*, 488 U.S. 204, 208 (1988) (quoted in *Landgraf*, 511 U.S. at 264). Mr. Lyons fails to demonstrate that the changes at issue here require the Court to ignore a basic rule of statutory construction in order to expand the Government's monetary liability.

### A. The General Remedial Purpose Of A Statute Cannot Overcome The Rule Against Retroactivity

Mr. Lyons argues that the new increased damages formulation is a "remedial" measure, and that *Landgraf* exempts remedial statutes applying to pending cases from the rule against retroactivity. However, *Landgraf* expressly provides that although the retroactive modification of damages in pending cases "'may normally harbo[r] much less potential for mischief than

retroactive changes in the principles of liability,' . . . that potential is nevertheless still significant." 511 U.S. at 285, n.37. Accordingly, by its express terms, *Landgraf* expressly applies in cases such as this.

Further, while it might be argued that the general purpose of the receiving money for unjust conviction and imprisonment is an attempt to remedy a wrong,[4] "reliance on the vaguely remedial purpose of a statute to defeat the presumption against retroactivity was rejected in the companion cases of *Landgraf*." *Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 237 (1995) (citing *Landgraf*, 511 U.S. at 284-86, *Rivers v. Roadway Express*, 511 U.S. 298, 309-13 (1994)). Although the retroactive application of a new provision of statute might serve to "vindicate its purpose more fully," that consideration is not enough to rebut the presumption against retroactivity, given the legislative compromises necessary in order to enact a statute. *Landgraf*, 511 U.S. at 285-86.

*Landgraf* does provide that certain legislative changes may not implicate the rule against retroactivity when applied to pending cases. These include statutory changes involving injunctive relief, conferring or ousting jurisdiction, or changing procedural rules. *Landgraf*, 511 U.S. at 273-75. The change in the law here, however, is one that clearly has an impermissible

---

[4] The only law that Mr. Lyons cites to support his contention that the new damages formulation for unjust conviction and imprisonment is a "remedial" measure applicable to pending cases is a 1947 United States District Court for the Western District of South Carolina decision. Pl. Resp. 7 (quoting *McLean v. United States*, 73 F. Supp. 775, 778 (W.D.S.C. 1947)). However, this case is not relevant, since it could not be opining about the "remedial" purposes of a provision that was not passed until 2004, approximately 57 years later. Further, holdings of Federal district courts are instructive but not precedential in this Court. *See AINS, Inc. v. United States*, 365 F.3d 1333, 1336 n. 1 (Fed. Cir. 2004).

retroactive effect, because it would "increase a party's liability for past conduct." *Id.* at 280. The rule against retroactivity should be applied.

**B. The Rule Against Retroactivity Applies To The United States, Not Just Private Parties**

Mr. Lyons also argues that *Landgraf's* rule against retroactivity is not applicable to this case because *Landsgraf* addressed "legislation dealing with private employers[,]" whereas "here, the party paying damages is the Government." Pl. Resp. 8. *Landgraf*, however, expressly rejected this distinction.

The Supreme Court stated in *Landgraf* that "[w]hile the great majority of our decisions relying upon the antiretroactivity presumption have involved intervening statutes burdening private parties, we have applied the presumption in cases involving new monetary obligations that fell only on the government." 511 U.S. 244, 271 n. 25 (1994) (emphasis added). In support of this statement, *Landgraf* cited to *White v. United States*, 191 U.S. 545 (1903), a military pay dispute in which considered whether a proviso giving a credit for service should be applied retroactively, rather than just toward future pay. The Supreme Court in *White* rejected such an application because "[r]etrospective legislation is not favored."[5] *See also United States v. Magnolia Petroleum Co.*, 276 U.S. 160, 162-63 (1928) (applying the presumption against retroactivity to conclude that a taxpayer would not receive the benefit of an intervening statute that established a more taxpayer-favorable rule for calculating tax refunds owed by the

[5] "The terms 'retroactive' and 'retrospective' are synonymous in judicial usage . . . . They describe acts which operate on transactions which have occurred or rights and obligations which existed before passage of the act." *Landgraf*, 511 U.S. 271 n.23 (quoting 2 N. SINGER, SUTHERLAND ON STATUTORY CONSTRUCTION § 41.01, p. 337 (5th rev. ed. 1993)).

Government). Accordingly, the Supreme Court has refused to distinguish between private parties and the Government for the purposes of applying the rule against retroactivity.

Further, the Federal Circuit has held that the rule against retroactivity is applicable to the Government, not just private parties. In *Avila v. Office of Personnel Management*, 79 F.3d 128 (Fed. Cir. 1996), the court held that a former employee of the Philippine Insular Government was not entitled to a deferred retirement annuity pursuant to the 1956 or 1942 Civil Service Retirement Acts ("CSRA"), because the employee was separated in 1935, and the 1956 and 1942 CRSAs were not retroactive. In so ruling, the Federal Circuit stated that the rule against retroactivity "applies not only to statutes regulating the rights and duties of private parties, but also to statutes 'involving new monetary obligations that [fall] only on the government.'" 79 F.3d at 131 (quoting *Landgraf*, 511 U.S. at 271 n. 25); *see also Summers v. Department of Justice*, 569 F.3d 500 (D.C. Cir. 2009) (applying the presumption against retroactivity to the 2007 amendments to the Freedom of Information Act, which would have increased the liability of the United States for attorney fees for past conduct); *Yale-New Haven Hosp. v. Leavitt*, 470 F.3d 71, 87 n. 16 (2d Cir. 2006) (applying the rule against retroactivity and holding that it was "immaterial" that the new payment obligation would fall on the Government rather than on a private party).

Accordingly, there is no legal distinction between a change that effects the Government, as opposed to private parties, in applying the rule against retroactivity.

### C. <u>Mr. Lyons' "Public Expectations" Argument Is Without Merit</u>

Finally, Mr. Lyons raises an argument about the"public expectations" being disappointed if the new damages formulation were not to be applied retroactively to Mr. Lyons case, because

his compensation would be inadequate. Pl. Resp. 10 (quoting *Landgraf*, 511 U.S. at 272). Mr. Lyons also appears to also argue that this Court has considerable discretion regarding the application of the Supreme Court's rule against retroactivity. Pl. Resp. 9-10 (quoting *Landgraf*, 511 U.S. at 270). These arguments, however, take the language of *Landgraf* out of context and are without merit.

Although *Landgraf* refers to public expectations, it does not refer to a results-oriented expectation about providing a particular level of compensation, but rather an expectation about how statutes operate. Specifically, the Supreme Court noted that "[b]ecause it accords with widely held intuitions about how statute ordinarily operate, a presumption against retroactivity will generally coincide with legislative and public expectations." *Landgraf*, 511 U.S. at 272. In other words, the Supreme Court provided that the rule against retroactivity accords with public expectation, not that the rule should be inconsistently applied in an effort to satisfy the Court's view of public expectation in a particular dispute.

Indeed, contrary to Mr. Lyons' arguments implying that this Court has discretion to decide whether to apply a basic rule of statutory construction based upon the equities of a particular situation, *Landgraf* provides that the rule against retroactivity "allocates to Congress," not the courts, "responsibility for fundamental policy judgments concerning the proper temporal reach of statutes, and has the additional virtue of giving legislators a predictable backdrop against which to legislate." *Id.* (emphasis added). This Court does not have the discretion "to expand liability beyond that which was explicitly consented to by Congress" in order to "do equity." *Levernier Constr. Inc. v. United States*, 947 F.2d 497, 502 (Fed. Cir. 1991) (citation omitted).

Instead, any statutory waiver of sovereign immunity must be strictly construed. *United States v. Testan*, 424 U.S. 392, 399 (1976); *United States v. Sherwood*, 312 U.S. 584, 590 (1941).

## CONCLUSION

Accordingly, we respectfully request that the Court enter summary judgment in favor of the United States providing that damages in this dispute are limited to $5,000.

Respectfully submitted,

TONY WEST
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Steven J. Gillingham
STEVEN J. GILLINGHAM
Assistant Director

s/ Steven M. Mager
STEVEN M. MAGER
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Classification Unit, 8th Floor
Washington, D.C. 20530
Tel: (202) 616-2377
Fax: (202) 305-7643
Steven.Mager@usdoj.gov

January 7, 2011

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on January 7, 2011 a copy of foregoing "DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO MOTION FOR SUMMARY JUDGMENT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Steven M. Mager